IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:21-cv-01804-RMR-SKC

TITUS PETERSON and
DIEGO QUINTOS DE PETERSON,

     Plaintiffs,

v.

CITY AND COUNTY OF DENVER, COLORADO, *et al.*,

     Defendants.

---

## ORDER RE: MOTION TO STAY [DKT. 54]

---

While Plaintiffs Titus Peterson and Diego Quintos de Peterson were attending a Black Lives Matter rally on May 30, 2020, Defendant Patrick Phelan (a commander with the Denver Police Department) allegedly authorized the use of chemical agents on the crowd of protesters. [Dkt. 27.] According to the Second Amended Complaint, Plaintiffs were caught in a cloud of tear gas which burned their eyes and lungs and forced them to flee the area. Plaintiffs now bring this action under 42 U.S.C. § 1983 and assert claims for violations of the First, Fourth, and Fourteenth Amendments. [*Id.*] All Defendants have moved to dismiss the claims against them, and Defendants Phelan and Paul Pazen (Denver Chief of Police) have asserted the qualified immunity defense. [Dkts. 38, 39.] Based on this defense, Defendants—including those not entitled to qualified immunity—seek a complete stay of discovery pending the

outcome of their Motions. [Dkt. 54.] The Court has reviewed the Motion to Stay, related briefing, and relevant law. No hearing is necessary. For the following reasons, the Motion to Stay is DENIED.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending. Instead, Rule 1 instructs that the Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." The decision to issue a protective order and thereby stay discovery is within the sound discretion of the trial court. *See Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002). But stays are the exception in this judicial district, not the rule. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009) ("This District generally disfavors stays of discovery."). Thus, "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

Upon a showing of good cause, a protective order is appropriate to stay discovery to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Courts consider the propriety of a stay by balancing five factors: (1) Plaintiff's interests in proceeding expeditiously and the potential prejudice to Plaintiff of a delay; (2) the burden on the Defendants if no stay is issued; (3) the convenience to the court; (4) the interests of non-parties; and,

(5) the public interest. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

## DISCUSSION

Defendants base their request primarily on Chief Pazen and Commander Phelan's assertion of qualified immunity. The Tenth Circuit has explained that because "[q]ualified immunity is an entitlement not to stand trial or face the other burdens of litigation," pretrial matters such as discovery should "be avoided if possible." *Martin v. County of Santa Fe*, 626 F. App'x 736, 740 (10th Cir. 2015) (quoting *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004)). But asserting a qualified immunity defense is not necessarily "a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). "There are certain circumstances when discovery is permissible despite an assertion of qualified immunity, including cases alleging official-capacity claims, requests for injunctive (as opposed to monetary) relief, and claims against entities, not individuals." *Estate of McClain by and through McClain v. City of Aurora, Colorado*, No. 20-cv-2389-DDD-NRN, 2021 WL 307505, at *2 (D. Colo. Jan. 29, 2021).

In addition, "in some circumstances discovery should proceed 'to elicit facts pertinent to the defense.'" *Est. of Ronquillo by & through Sanchez v. City & Cty. of Denver*, No. 16-CV-01664-CMA-NYW, 2016 WL 10842586, at *4 (D. Colo. Nov. 14, 2016) (quoting *Rome v. Romero*, 224 F.R.D. at 643); *see also Currier v. Doran*, 242 F.3d 905, 914 (10th Cir. 2001) (although qualified immunity protects public officials

"from the costs associated with defending against lawsuits, particularly baseless ones, it d[oes] not follow that a defendant's claim of qualified immunity c[an] always be resolved before at least some discovery [is] conducted").

The Court does not make any factual findings in the context of determining the Motion to Stay. But the Court notes from the fact Defendants attached exhibits to their Motion to Dismiss, there appear to be questions of fact and evidentiary issues subsumed in the question of whether Defendants Pazen and Phelan are entitled to qualified immunity.[1] For example, Defendants included a photograph with their Motion to Dismiss to dispute Plaintiffs' characterization of the protests as peaceful, and they ask the Court to review the Denver Police Department's Operation Manual to counter Plaintiffs' allegation that Denver has a policy and practice of tolerating First Amendment violations. These purported issues of fact appear to be incorporated into the question of qualified immunity and thus militate against a stay of discovery.

The Court also concludes, on balance, the *String Cheese* factors support proceeding with discovery. Plaintiff has an undeniably strong interest in proceeding through discovery. "Like the government official who rightfully invokes the defense of qualified immunity, a private citizen is entitled to claim the timely protection of the law." *Sanchez v. Hartley*, No. 13-cv-01945-WJM-CBS, 2016 WL 7176718, at *7 (D. Colo. Apr. 26, 2016). The Black Lives Matter protests took place nearly two years

---

[1] The Motions to Dismiss have been referred to this judicial officer for a recommendation. [Dkt. 40.]

ago, and the briefing regarding the Motions to Dismiss was only completed at the end of March 2022; a recommendation and ruling on those motions will take some time for this judicial officer and District Judge Regina M. Rodriguez to complete.

The Court also concludes any burden on Defendants does not outweigh Plaintiffs' interest in proceeding expeditiously. Defendants offer no particularized explanation of any burden beyond the case law generally discussing qualified immunity. Although they state, "discovery disputes will arise when requests for information or depositions regarding the municipal-liability claims inevitably burden Chief Pazen and Commander Phelan," they do not specify any ways in which discovery would interfere with their responsibilities. As such, this statement is speculative. Moreover, because Plaintiffs allege Chief Pazen and Commander Phelan authorized or directed the deployment of the tear gas affecting Plaintiffs, both persons are pivotal witnesses who would be required to participate in discovery whether or not they receive qualified immunity; thus, any additional discovery regarding their personal liability would be minimal. *Estate of McClain*, 2021 WL 307505, at *4. And while the City and County of Denver seek dismissal of the claims against them, they are not protected by qualified immunity as a matter of law.[2]

The Court must also consider its own convenience. Ill-advised stays can inconvenience the court by making the "docket less predictable and, hence, less

---

[2] Even if Denver were to file its own motion to stay based solely on the *String Cheese* factors, the Court's analysis would similarly apply and weigh against a stay.

manageable." *Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *3 (D. Colo. Jan. 7, 2010).  Moreover, "motions to dismiss are denied far more often than they result in the termination of a case." *Roueche v. U.S.*, No. 09-cv-00048-WDM-BNB, 2010 WL 420040, at *2 (D. Colo. Feb. 1, 2010). The Court offers no opinions as to Defendants' likelihood of succeeding on their motions, but it is more likely than not from a statistical standpoint that a stay "would prove unnecessary." *Chavez v. Young America Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. March 2, 2007). Consequently, the Court concludes interests of judicial economy weigh against a stay.

Finally, while Defendants are correct the public has an interest in avoiding unnecessary judicial expense, under the circumstances presented here, the Court concludes the public's interest in the case proceeding expeditiously is weightier. While this particular case may not have garnered state or national attention, it does implicate matters of state and national importance as typified by the recent jury verdict in *Epps, et al. v. City and County of Denver, et al.*, No. 1:20-cv-1878-RBJ. "It is not in the interest of the public or in the interest of justice to 'put on the back burner' discovery in a case that raises significant questions" about the conduct of Denver's law enforcement officers. *McKnight v. Brown*, No. 20-cv-03678-PAB-SKC, 2021 WL 3510809, at *2 (D. Colo. Aug. 10, 2021) (quoting *Estate of McClain*, 2021 WL 307505, at *4).

To the extent Defendants Phelan and Pazen have particularized concerns

regarding burdens from a specific discovery request, this Court will address such arguments at that time and pursuant to its practice standards regarding discovery disputes.

*     *     *

For the foregoing reasons, Defendants' Motion to Stay is DENIED.


DATED:      April 27, 2022

BY THE COURT

S. Kato Crews
United States Magistrate Judge