IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01804-RMR-SKC

TITUS PETERSON,
DIEGO QUINTOS DE PETERSON,

     Plaintiffs,

v.

CITY AND COUNTY OF DENVER, COLORADO,
CHIEF OF POLICE PAUL PAZEN, in his individual capacity,
COMMANDER PATRICK PHELAN, in his individual capacity,
J. DOE, in her or his individual capacity,

     Defendants.

## DEFENDANTS' OBJECTION TO ORDER RE: MOTION TO STAY

Defendants City and County of Denver, Chief Paul Pazen, and Commander Patrick Phelan (together, "Denver"), through counsel and pursuant to Fed. R. Civ. P. 72(a), object to the Magistrate Judge's Order (Doc. #70) denying Defendants' Motion for Stay of Discovery (Doc. #54). The Magistrate Judge clearly erred in denying a stay of discovery after Chief Pazen and Commander Phelan asserted the defense of qualified immunity. The Order is contrary to settled law and should be set aside.

### CERTIFICATE OF CONFERRAL

Although the duty to confer under D.C.COLO.LCivR 7.1A does not appear to apply to this Objection, undersigned counsel has conferred with counsel for Plaintiffs, who states that Plaintiffs oppose this Objection.

## BACKGROUND

This case, first filed in May 2021, is not yet at issue. Denver attorney Titus Peterson brought suit on behalf of himself and his minor son, alleging constitutional injuries from their inadvertent exposure to "tear gas" during "a Black Lives Matter demonstration" in 2020. [Doc. #1-1 at ¶¶ 1, 10-11.] Denver removed the case to federal court and filed a motion to dismiss. [Docs. ##1, 16.] The Petersons then retained counsel and obtained leave to amend the complaint, adding new defendants and claims. [Docs. ##21, 24, 26, 27.] Denver, Chief Pazen, and Commander Phelan all filed motions to dismiss this amended complaint. [Docs. ##38, 39.]

Defendants also moved to stay discovery pending the resolution of these motions. [Doc. #54.] Chief Pazen and Commander Phelan argued that, given the early stage of the case and their assertion of qualified immunity, Supreme Court and Tenth Circuit precedent entitled them to relief from discovery while waiting for judgment on the pleadings. *Id*. at 2-4. In addition, Denver argued that—in the specific circumstances of this case—discovery also should be stayed on the municipal-liability claims. *Id.* at 5; *see id.* at 5-8 (applying *String Cheese* factors regarding stays of discovery).

The Magistrate Judge denied the motion, ordering discovery to proceed against all defendants on all claims. [Doc. #70.] Defendants now request reconsideration of that ruling.

## STANDARD OF REVIEW

Under Rule 72(a) of the Federal Rules of Civil Procedure, a district court may reverse a magistrate judge's decision on a non-dispositive matter only if the decision is found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous standard ... requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot*

*Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "The contrary to law standard permits plenary review as to matters of law, but the Court will set aside a Magistrate Judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly." *Seidman v. Am. Fam. Mut. Ins. Co.*, No. 14-cv-3193-WJM-KMT, 2016 WL 6518254, at *1 (D. Colo. Nov. 3, 2016) (citations, quotations, and alterations omitted). "In short, because a magistrate judge is afforded broad discretion in the resolution of non-dispositive ... disputes, the court will overrule the magistrate judge's determination only if his discretion is abused." *Grays v. Navient Sols., LLC*, No. 20-CV-0452-WJM-SKC, 2022 WL 1183726, at *1 (D. Colo. Apr. 21, 2022) (quotation omitted).

This is the rare case that meets this high standard of reversal.

## ARGUMENT

**I.     The Magistrate Judge Clearly Erred in Denying a Stay to the Defendants**

Denver showed that, under the Supreme Court's opinion in *Iqbal*, the doctrine of qualified immunity, and the proper application of the *String Cheese* factors, courts in this District typically and repeatedly have stayed <u>all</u> discovery in these circumstances. [Doc. #54, pp. 3-8]; *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009); *String Cheese Incident, LLC v. Stylus Show, Inc.*, 2006 WL 894955, at *2 (D. Colo. 2006); *see, e.g., Cook v. Whyde*, No. 20-cv-02912-PAB-STV, 2021 WL 981308, at *1 (D. Colo. Mar. 15, 2021) (agreeing "that nearly all of the recent cases on this issue have held that discovery should be stayed for all defendants when the defense of qualified immunity has been pled, even if the defense is only available to some defendants, as here.").

The Tenth Circuit—relying on Supreme Court precedent—has repeatedly "reiterate[d] that qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation. *Discovery should not be allowed* until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992), *citing Siegert v. Gilley*, 500 U.S. 226, 231 (1991). It has held that "a trial court is under an obligation to exercise its discretion in a way that protects the substance of the qualified immunity defense," and determine "whether the complaint is sufficiently plausible that it merits *imposition of the burdens of discovery on state actors*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008), *quoting Crawford–El v. Britton*, 523 U.S. 574, 597 (1998) (all emphasis added). In short, "discovery generally should be avoided once qualified immunity is raised." *Martin v. Cty. of Santa Fe*, 626 Fed. App'x 736, 740 (10th Cir. 2015) (citing *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1387 (10th Cir. 1994)).

As in *Iqbal*, this case is on a Rule 12(b)(6) motion to dismiss asserting the defense of qualified immunity. In this precise context, the *Iqbal* court held that "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" 556 U.S at 685, *quoting Siegert*, 500 U.S. at 236. Addressing the precise question here, the Supreme Court warned that if "discovery as to the other parties proceeds … [e]ven if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery." *Id*. at 685-86. The Magistrate Judge clearly erred in disregarding this settled law. *A.A. ex rel. Archuletta v. Martinez*, No. 12-CV-00732-WYD-KMT, 2012 WL 5974170, at *2 (D. Colo. Oct. 9, 2012) ("I find based on *Iqbal* that the [Magistrate

Judge's Order] should be reversed as to its decision to stay discovery only as to [the individual defendant] as clearly erroneous or contrary to law.").

The Magistrate Judge's Order makes no mention of *Iqbal*. Instead, it relies on *Rome v. Romero*, 225 F.R.D. 640 (D. Colo. 2004). [Doc. #70 at 3.] But as Denver pointed out in its reply brief, *Rome* predates the Supreme Court's discussion of qualified immunity and discovery in *Iqbal* and is no longer persuasive on the issue. [Doc. #67 at 6-7], *citing Cook*, 2021 WL 981308 at *2 ("plaintiffs' reliance on *Rome* and *Kaufman v. Univ. of Colo.*, No. 15-cv-00406-LTB-NYW, 2015 WL 4748987 (D. Colo. Aug. 12, 2015), [is] unavailing… both cases pre-date the Supreme Court's decision in [*Iqbal*]."); *Tenorio v. Pitzer*, No. CV 12-1295 MCA/KBM, 2013 WL 12178001, at *3 (D.N.M. July 27, 2013) ("[b]efore *Iqbal*, it was somewhat unsettled among courts whether and under what circumstances discovery should be stayed on the basis of a qualified immunity assertion…. However, after *Iqbal*, the law is clear that discovery should be stayed upon assertion of qualified immunity, even for those defendants not asserting the defense."; *Gale v. Jacob,* No. 15-cv-00347-WJM-KMT, 2015 WL 3862686, at *2 (D. Colo. June 22, 2015) (citing *Rome* but concluding that after *Iqbal*, "proceeding with discovery as to claims that are not subject to the assertion of qualified immunity is not a permissible alternative.").

Relying on *Rome*, the Magistrate Judge reasoned that a stay of discovery should be denied where it is needed "to elicit facts pertinent to the defense" of qualified immunity. [Doc. #70 at 3 (quoting *Rome*, 224 F.R.D. at 643).] But even if that proposition could be maintained in the face of *Iqbal*, it has no reasonable application here.[1] Neither the Magistrate Judge nor the Court needs

---

[1] In *Rome*—unlike *Iqbal* and this case—the court considered a motion to stay discovery pending resolution of a motion for summary judgment, not a motion to dismiss. 224 F.R.D. at 642.

5

to—indeed, they may not—"elicit facts" in order to rule on qualified immunity in a Rule 12(b)(6) motion to dismiss. In such a posture, all properly pleaded factual allegations in the complaint are taken as true. No additional discovery, much less fact-finding, is required to rule on the pending motions. The Magistrate Judge's reliance on purported "questions of fact and evidentiary issues" (Doc. #70 at 4) to deny a stay of discovery until those motions are resolved was another clear error.

Finally, the Magistrate Judge concluded that "because Plaintiffs allege Chief Pazen and Commander Phelan authorized or directed the deployment of the tear gas affecting Plaintiffs, both persons are pivotal witnesses who would be required to participate in discovery whether or not they receive qualified immunity." *Id.* at 5. This logic is entirely contrary to *Iqbal* and its progeny, which instruct courts that it "is not a permissible alternative" to allow discovery to proceed against government officials on the basis that they might be subject to discovery on claims against other parties.[2] Indeed, the prospect of entangling officials in such discovery while their entitlement to qualified immunity is being resolved is precisely why "the United States Supreme Court has discouraged partial stays of discovery in situations like the one presented here." *Loma v. City & Cnty. of Denver*, No. 21-cv-02214-DDD-KLM (Apr. 15, 2022), *previously submitted as* [Doc. #69-1], at 6. In other words, the premise that Chief Pazen and Commander Phelan may "be required to participate in discovery" on the claims against Denver is precisely why discovery should be stayed as to all claims, not just those against the individual defendants. It was clear legal

---

[2] In support of its conclusion, the Magistrate Judge cited to *Estate of McClain by and through McClain v. City of Aurora, Colorado*, No. 20-cv-2389-DDD-NRN, 2021 WL 307505 (D. Colo. Jan. 29, 2021). But as Denver pointed out in its Motion to Stay, that decision arose in a very different posture, where some defendants had not moved to dismiss, and all parties presumed that discovery would commence on those claims regardless of the proposed stay. [Doc. #54 at 7.]

error for the Magistrate Judge to use this fact, instead, as the reason to deny all defendants the protections of qualified immunity. *See A.A. ex rel Archuletta*, 2012 WL 5974170, at *2 ("the Supreme Court believes discovery should be stayed in the case as a whole even when only one defendant is asserting qualified immunity.").

WHEREFORE, for the foregoing reasons, Denver respectfully requests that the Court set aside the Magistrate Judge's Order and order a stay of all disclosure obligations and discovery pending resolution of the motions to dismiss. In the alternative, Denver requests that the Court set aside the Magistrate Judge's Order in part and order a stay of discovery as to the defendants asserting qualified immunity, Chief Pazen and Commander Phelan.

Dated this 11th day of May 2022.

Respectfully submitted,

*s/ Geoffrey C. Klingsporn*
Geoffrey C. Klingsporn, Assistant City Attorney
Conor D. Farley, Assistant City Attorney
Denver City Attorney's Office, Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, Colorado 80202
Telephone: (720) 913-3315
Email: conor.farley@denvergov.org
            geoffrey.klingsporn@denvergov.org
*Attorneys for Defendants City and County of Denver, Paul Pazen, and Patrick Phelan*

## CERTIFICATE OF SERVICE

   I certify that on this 11th day of May 2022, I electronically filed the foregoing **DEFENDANTS' OBJECTION TO ORDER RE: MOTION TO STAY** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mari Newman
Andy McNulty
Killmer, Lane, & Newman, LLP
mnewman@kln-law.com
amcnulty@kln-law.com
*Attorneys for Plaintiffs*

                 *s/ Sarah Peasley*
                 Denver City Attorney's Office