**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 21-cv-1804-RMR-SKC

TITUS PETERSON,
DIEGO QUINTOS DE PETERSON,

 Plaintiffs,

v.

CITY AND COUNTY OF DENVER, COLORADO, *et al.*,

 Defendants.

## ORDER

 This matter is before the Court on the Defendants' Objection to the Magistrate Judge's Order on Defendants' Motion to Stay. Magistrate Judge Crews entered an order denying the Defendants' motion to stay on April 27, 2022, at ECF 70. The Defendants filed an Objection to this Order on May 11, 2022, at ECF 72. The Plaintiffs filed a Response to Defendants' Objection on May 23, 2022, ECF 73. The Defendants filed a Reply on June 7, 2022, at ECF 74. For the following reasons, the Defendants' Objection is **OVERRULED.**

 Magistrate judges are authorized to hear and determine any nondispositive matter referred to them. *Portley-El v. Milyard*, 2006 WL 3371642, at *1 (D. Colo. Nov. 21, 2006); *see* Fed.R.Civ.P. 72(a), 28 U.S.C. § 636(b)(1)(A). In order to modify or set aside any part of a magistrate judge's non-dispositive order, the reviewing court must find that the ruling

is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Hutchinson*, 105 F.3d at 566. A magistrate judge's order will be deemed "clearly erroneous or contrary to law" only if the reviewing court, on the entire evidence, is left with the "definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). The "contrary to law" standard permits "plenary review as to matters of law," but the Court will set aside a magistrate judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly. *Residences at Olde Town Square Ass'n v. Travelers Cas. Ins. Co. of Am.*, 413 F. Supp. 3d 1070, 1072 (D. Colo. 2019).

The Defendants contend that their invocation of qualified immunity mandates a stay of discovery under the facts of this case. The case law cited by the Defendants, however, does not necessarily require such a result. The Court has reviewed the briefing, the Magistrate Judge's Order, the Objection and responses, and the record as a whole. The Court has also reviewed the case law applicable to the Defendants' motion to stay. On this review, the Court cannot find that Magistrate Judge Crews applied the wrong legal standard or that he applied the applicable legal standard incorrectly. Judge Crews appropriately considered the applicable standards for analyzing a request for a stay in this district, and he did not err in his application of the facts to those standards. The Defendants here have not shown that the Magistrate Judge's order was clearly erroneous or contrary to law. The Defendants' objection, ECF 72, is therefore **OVERRULED**.

DATED:  June 23, 2022

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge